IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CLARA E. ELLIOTT**                                                    **PLAINTIFF**

**v.**                                                **CAUSE NO. 1:14CV20-LG-JCG**

**HUNTINGTON INGALLS, INC.**                                **DEFENDANT**

### ORDER DENYING DEFENDANT'S
### <u>MOTION FOR RECONSIDERATION</u>

**BEFORE THE COURT** is the Motion for Reconsideration [35] filed by

Huntington Ingalls, Inc., in which it seeks reconsideration of this Court's

Memorandum Opinion and Order [34] denying summary judgment as to Clara

Elliott's FMLA retaliation claim.  After reviewing the submissions of the parties

and the applicable law, the Court finds that the Motion for Reconsideration should

be denied.

### BACKGROUND

Elliott, a former Ingalls employee, suffers from congestive heart failure.  She

worked as an electrician, but due to her health, her physician imposed varying

medical restrictions during the last nine years of her employment.[1]  In January

2012, Elliott's condition worsened, and she had to undergo surgery to have her

pacemaker repaired.  (Def.'s Mot., Ex. 1 at 10, ECF No. 24-1).   Her physician placed

her on medical leave until April 9, 2012.  (Def.'s Mot., Ex. 20-22, ECF Nos. 24-20,

24-21, 24-22).  After she returned to work the following restrictions were imposed:

---

[1] A thorough discussion of these restrictions is included in this Court's
Memorandum Opinion and Order [34] entered on September 23, 2014.

no lifting over twenty-five pounds; avoid exposure to temperatures over ninety-five degrees and under sixty degrees; avoid working from unrestricted heights; avoid bending due to dizziness; do not work overhead for any significant period of time; do not stand for over one hour at a time; do not walk over 500 feet without resting; and limit stairs due to shortness of breath and dizziness. (Def.'s Mot., Ex. 22, ECF No. 24-22). The physician stated that these restrictions are lifelong. (*Id*.) Ingalls determined that she could not perform electrical work with these restrictions, and thus, her employment was effectively terminated. (Def.'s Mot., Ex. 16, ECF No. 24-16).

On May 8, 2013, Elliott filed an Application for Disability Insurance Benefits with the Social Security Administration. (Def.'s Mot., Ex. 5, ECF No. 24-5). When she was asked what she was able to do before her illness that she cannot do now, she replied, "Go to work on my job." (Def.'s Mot., Ex. 3, ECF No. 24-3). She explained that her heart problems keep her from working, because she gets short of breath, and she cannot do much climbing, lifting, and bending. (Def.'s Mot., Ex. 4, ECF No. 24-4). Elliott's Application for Disability Insurance Benefits was granted, and she continues to receive benefits. (Def.'s Mot., Ex. 7, ECF No. 24-7; Def.'s Mot., Ex. 1 at 16, 107, ECF No. 24-1).

At her deposition, Elliott testified that the statements she made to the Social Security Administration regarding her inability to work were truthful. (*Id*.) Elliott has now submitted an affidavit to the Court in which she explained:

In my deposition I was questioned about whether I could work in my

prior position.  In every situation where Defendant questioned me about whether I could work in my deposition it referenced my social security status in the same question or the question before it.  I answered that I could not work because I understood the Defendant to be asking me if I could work based on the definition of disabled under the social security administration, and not whether I could work with reasonable accommodations under the Americans with Disabilities Act.

(Pl.'s Resp., Ex. 1, ECF No. 31-1).  In that same affidavit, Elliott testified that she could work in her former position building hanger bars, because it is a sedentary position and fans are provided to cool the employees.  (*Id.*)

Elliott filed this lawsuit against Ingalls, alleging ADA discrimination, ADA retaliation, and FMLA retaliation.  This Court dismissed her ADA claims in its Memorandum Opinion and Order granting in part and denying in part Ingalls' Motion for Summary Judgment.  Ingalls now seeks reconsideration of this Court's decision that the existence of genuine issues of material fact prevent this Court from granting summary judgment as to the FMLA claim.

## DISCUSSION

Fed. R. Civ. P. 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." "When a district court rules on an interlocutory order, it is 'free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Saqui*

*v. Pride Cent. Amer., LLC*, 595 F.3d 206, 210 (5th Cir. 2010) (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990)).

This Court denied Ingalls' Motion for Summary Judgment as to the FMLA claim, based on Elliott's affidavit testimony that she is capable of building hanger bars for Ingalls. In its Motion for Reconsideration, Ingalls argues that this Court erred in considering Elliott's affidavit testimony, because that testimony conflicted with her deposition testimony that she answered truthfully when she told the Social Security Commission that she was unable to return to work.

The Fifth Circuit has held, "It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 495 (5th Cir. 1996). "Nevertheless, a subsequent affidavit that supplements or explains, rather than contradicts, prior deposition testimony does not offend this rule." *Callahan v. Gulf Logistics, L.L.C.*, Nos. 09-30503, 10-30019, 456 F. App'x 385, 392 (5th Cir. Dec. 29, 2011) (citing *Clark v. Resistoflex Co.*, 854 F.2d 762, 766 (5th Cir. 1988)).

As explained previously, Elliott's affidavit explained the apparent conflict between her affidavit testimony and deposition testimony. As a result, this Court did not err in holding that the affidavit testimony created a genuine issue of material fact.

Ingalls also claims that it should not be held liable, because its decision to terminate Elliott was based on the medical restrictions imposed by Elliott's

physician requiring an air-conditioned environment.  However, the medical restrictions that were in effect at the time of Elliott's termination did not specifically require an air-conditioned environment.  Furthermore, when those restrictions were issued, Elliott's physician did not state that fans would be insufficient.  The physician merely stated that Elliott should avoid exposure to temperatures over ninety-five degrees and under sixty degrees.  This restriction was issued in April, when temperatures are typically much milder than in the summer months, and Ingalls has not provided any evidence that temperatures in the Ingalls facility at issue exceeded ninety-five degrees that April.  Again, these are questions of fact which must be resolved by a jury.  As a result, the Court finds that Ingalls' Motion for Reconsideration should be denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for Reconsideration [35] filed by Huntington Ingalls, Inc., is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 4th day of November, 2014.

s/ *Louis Guirola, Jr.*

LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE